**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

RAYMOND AMERSON, )
)
       Movant, )
)
     v. )     No. 4:14CV1644 CDP
)
UNITED STATES OF AMERICA, )
)
       Respondent. )

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive and will be denied and dismissed.

## Background

In June of 1993, following a nine-month trial involving eight defendants, movant was convicted of one count of conducting an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), one count of conspiring to do the same in violation of 18 U.S.C. § 1962(d), and two counts of committing violent crimes (murder, conspiracy to commit murder, and attempted murder) in aid of a racketeering enterprise in violation of 18 U.S.C. § 1959. He was sentenced to life imprisonment. *United States v. Lewis Bey, et al.*, No. 4:91CR1 (E.D.Mo.). The United States Court of Appeals for the Eighth Circuit affirmed the conviction. *United States v. Darden*, 70 F.3d 1507 (8th Cir. 1995).

In March 1997, movant filed a motion for relief under Rule 33 in the closed criminal case. In addition, three of his co-defendants, Jerry Lewis Bey, Michael Williams El, and Carlton Darden Bey, filed a variety of motions seeking relief from their convictions or sentences or a new trial.

On November 27, 2000, the Court denial all relief under all espoused legal theories. Additionally, in the Memorandum and Order, the Court explicitly noted that relief was also being denied under 28 U.S.C. § 2255, as well as the other grounds being raised. On appeal, the Eighth Circuit denied an application for certificate of appealability and dismissed the appeal. *Amerson Bey v. United States*, No. 01-1429 (8th Cir. Jan. 8, 2001). On July 25, 2002, movant sought reconsideration of the Court's November 27, 2000 Memorandum and Order. The Court denied that motion as untimely and meritless. *See Amerson Bey v. United States*, No. 4:91CR1 (E.D.Mo. July 29, 2002).

In September 2002, movant submitted a "motion for order" indicating that it was brought under "the Rules of Criminal Procedure, Rule 47 and the applicability of Criminal Rules 12(b)(2)." The Clerk of Court filed and docketed the motion as a separate action under 28 U.S.C. § 2255. *Amerson v. United States*, 4:02CV1396 CDP (E.D.Mo.). Movant asserted in his motion that the Court lacked jurisdiction over him and that the indictment was defective. Although the Court did not follow the procedures now prescribed by the Eighth Circuit in *Morales v. United States*, 304 F.3d 764 (8th Cir. 2002) (requiring notification to a defendant before a Court reclassifies a motion as one being brought under 28 U.S.C. § 2255), the Court found that doing so was unnecessary because the time limit for filing a § 2255 had passed and movant had already filed one motion that had been construed as having been brought pursuant to § 2255. Movant's motion to vacate was therefore dismissed as time-barred and successive. Movant did not appeal the dismissal.

On July 31, 2003, movant filed a third action in this Court, entitled "petition for right of review pursuant to Title 5, United States Code § 702." *See Amerson v. United States*, No. 4:03CV1050 CDP (E.D.Mo.). Movant made various arguments about the constitutionality of the

federal criminal statutes under which he had been convicted and this Court's jurisdiction. The

Court denied and dismissed his action on November 3, 2003 as successive. Movant appealed the

dismissal of his case to the Eighth Circuit, but the dismissal was affirmed by the Court of Appeals

on May 20, 2004. *See Amerson v. United States*, No. 04-1025 (8th Cir. 2004).

Movant filed the instant motion to vacate on September 19, 2014. He alleges that the

recent Supreme Court case of *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), allows him to provide

evidence of "actual innocence" for the crime which he was convicted.

### Discussion

Under 28 U.S.C. § 2244(a) and § 2255(h), district courts may not entertain a second or

successive motion to vacate unless it has first been certified by the Court of Appeals. The instant

petition has not been certified by the Court of Appeals for the Eighth Circuit. As a result the

Court may not grant the requested relief.

Despite his knowledge of the "second or successive" restrictions, movant seeks relief from

his conviction under *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). Movant appears to be arguing

that *McQuiggin* provides him grounds for relief and allows for modification of the Court's prior

Orders. He is simply incorrect.

In *McQuiggin*, the Supreme Court held that a prisoner filing a **first-time** federal habeas

petition could overcome the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) upon a

showing of "actual innocence" under the *Schlup v. Delo*, 513 U.S. 298, 329 (1995), standard. *See

McQuiggin*, 133 S.Ct. at 1928. Critically, the holding in *McQuiggin* was based on the Supreme

Court's conclusion that Congress, through its silence on the issue, had not intended to eliminate the

pre-existing equitable "actual innocence" exception for an untimely first-time filer. *See id*. at 1934.

On the other hand, the Court expressly recognized that Congress, through § 2244(b), had intended to "modify" and "constrain[ ]" the "actual innocence" exception with respect to second or successive petitions. *See id*. at 1933–34. Nothing in *McQuiggin* authorizes a court to ignore or bypass these constraints.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, brought pursuant to 28 U.S.C. § 2255, is **DENIED AND DISMISSED** as successive.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 7th day of October, 2014.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE